**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles M. POWELL,**
**Defendant-Appellant.**

No. 79–1317.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1979.

Susan B. Jordan, Cumings & Jordan, San Francisco, Cal., for defendant-appellant.

Eric J. Swenson, Asst. U. S. Atty., San Francisco., Cal., for plaintiff-appellee.

Before WALLACE and KENNEDY, Circuit Judges, and LARSON,* District Judge.

* Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM:

Appellant Charles Powell appeals from his conviction for violation of 18 U.S.C. § 659, theft from foreign shipments. Appellant and a codefendant named Lawhorn, not a party to this appeal, were convicted of having stolen hundreds of pounds of coffee beans, black pepper and corned beef from pier 27 in San Francisco, California. The ground for appellant's appeal is the district court's denial of appellant's motion to suppress evidence—the stolen contraband—seized by the arresting officers. We affirm.

Appellant was employed as a gate watchman. By 4:15 a. m. on September 24, 1977, all workmen with the exception of Powell and his codefendant had completed their shift and had left the pier area. Two customs officers, engaged in surveillance of appellant, observed Lawhorn enter appellant's truck. Shortly thereafter appellant drove his truck through the gate, which was manned by Lawhorn, to the cargo shed in the pier area. Appellant drove within 20–25 yards of the officers, who used binoculars to see into the truck, and observed no cargo. After something more than five minutes had elapsed, appellant and Lawhorn reappeared, driving the truck out of the pier area. One of the customs officers observed that the truck appeared to be riding heavily, lower than it had been when it entered the area. The officer stopped the truck. As he approached the truck, the officer saw bags of coffee in the back. After verifying with the other officer that the coffee had come from pier 27, appellant was arrested.

On appeal, the Government's principal argument is that the pier and immediately surrounding area is the functional equivalent of the border, and the lawfulness of the officers' stop, arrest, and seizure should be judged by the standards governing border searches by customs officials. We decline to pass on this contention. In our view, all of the circumstances gave the officers a founded suspicion to stop the truck; and once having stopped the truck lawfully, observation of the coffee in the rear of the truck provided probable cause to arrest appellant and seize the contraband.

Brief stops by law enforcement officials based on less than probable cause were approved by the Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). This court in *United States v. Holland*, 510 F.2d 453, 455 (9th Cir. 1975), *cert. denied*, 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 674 (1975), summarized the applicable law:

> [D]ue regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.

*See United States v. Bugarin-Casas*, 484 F.2d 853 (9th Cir.1973), *cert. denied*, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974). *See generally Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). *Cf. also United States v. Price*, 599 F.2d 494 (2d Cir. 1979); *United States v. Clabaugh*, 589 F.2d 1019 (9th Cir. 1979).

In this case, the circumstances provided a founded suspicion for stopping the truck. Appellant returned to the pier site a little after four o'clock in the morning, well after the work shift was over and no one else (save the codefendant) was present. Appellant drove a seemingly empty truck into the cargo area. He drove away shortly thereafter, the truck riding more heavily than before, ostensibly carrying something. *Cf. United States v. Hernandez-Gonzalez*, 608 F.2d 1240 at 1243 (9th Cir. 1979) (recognizing "heavy ride" of a car as one element supporting founded suspicion to stop vehicle). The combination of these circumstances, each perhaps in itself unremarkable, provided a founded suspicion for stopping the truck to conduct further limited investigation. *See United States v. Price, supra* at 500–501. Once having lawfully stopped the truck, the seized contra-

band was in plain view of the officers and provided probable cause for appellant's arrest.

Our holding makes it unnecessary for us to pass on appellant's contention that the trial court erred in refusing to permit appellant to inquire further into the basis for the officers' initial surveillance, which was an informer's tip that appellant was stealing goods from the pier area. Quite apart from the grounds this information, if reliable, would have provided for the officers' actions, we have held that the stop, seizure, and arrest of appellant was lawful.

AFFIRMED.